### BEFORE THE UNITED STATES JUDICIAL PANEL ON
### MULTIDISTRICT LITIGATION

| In re:<br><br>23andMe, Inc. Customer Data Security Breach<br>Litigation | MDL DOCKET NO. 3098 |
|---|---|

### HOFFMAN PLAINTIFFS' RESPONSE IN OPPOSITION TO
### TO MOVANTS' MOTION FOR TRANSFER AND CENTRALIZATION

Plaintiffs Alexandra Hoffman and Alexandra Klawitter, Plaintiffs in *Alexandra Hoffman, et al. v. 23andMe, Inc*., Civil Action No. 3:23-cv-05332-EMC pending in the United States District Court for the Northern District of California (the "Hoffman Plaintiffs"), for their Response in Opposition to Movants 23andMe, Inc., 23andMe Pharmacy Holdings, Inc., and 23andMe Holding Co.'s ("Movants") Motion for Transfer and Consolidation ("Motion") of Defendant 23andMe, Inc. Litigation pursuant to 28 U.S.C. § 1407, state that Movants have not met their burden to show that centralization under 28 U.S.C. § 1407 is necessary or appropriate.

### LAW AND ARGUMENT

This Panel has repeatedly stated that "centralization under Section 1407 should be the *last solution after considered review of all other options*." *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d. 1376, 1378 (J.P.M.L. 2001) (emphasis added); *see also In re: Alteryx, Inc., Customer Data Sec. Breach Litig*., 291 F. Supp. 3d 1377, 1378 (J.P.M.L. 2018). In reviewing the Motion, it is clear that other viable options exist and Movants cannot meet their burden to warrant centralization under 28 U.S.C. § 1407.

As noted by Movants in the *Corrected Schedule of Actions* filed on January 17, 2024 (Document 45-1), there are thirty-three (33) cases pending against Movants. Of those 33 cases, all but three (3) cases are pending outside of the Northern District of California—*Dhaman Gill, et*

*al. v. 23andMe, Inc.*, Case No. 8:23-cv-2387 in the United States District for the Central District of California; *Michele Bacus, et al. v. 23andMe, Inc.,* Case No. 1:23-cv-16828 in the United States District Court for the Northern District of Illinois; and *Alyson Hu, et al. v. 23andMe, Inc., et al.*, Case No. 3:23-cv-06698 pending in the United States District Court for the Northern District of Illinois. *Id.* at pp. 5-6. The other 30 actions, including the action brought by the Hoffman Plaintiffs, are pending in the Northern District of California in front of Judge Edward Chen. *Id.* at pp. 1-6. The fact that only 3 matters are pending outside of the Northern District of California should be enough to deny the Motion, as Movants have not demonstrated an inability to transfer the three matters to the Northern District of California pursuant to 28 U.S.C. § 1404. *See In re 3M Co. Lava Ultimate Prods. Liab. Litig.,* 222 F. Supp. 3d 1347, 1347-48 (J.P.M.L. 2016) (citing *In re: Gerber Probiotic Prods. Mktg. and Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012)) ("In particular, we repeatedly have noted that "where 'a reasonable prospect' exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to Section 1407 centralization").

In addition to the available remedies under 28 U.S.C. § 1404, the Plaintiffs in the 30 cases in the Northern District of California have already begun informal coordination and cooperation by themselves, as demonstrated by the filing of a Joint Case Management Statement in the *Monica Santana, et al. v. 23andMe, Inc*, *et al.*, Case No. 3:23-cv-05147 on January 16, 2024. *See* <u>Exhibit 1</u> - Joint Case Management Statement filed in *Santana* matter. This evidence of informal coordination and cooperation demonstrates that a § 1407 Motion is premature, and the work that the Plaintiffs are doing to coordinate and cooperate should be favored over centralization. *See, e.g., In re Hudson's Bay Co. Customer Data Sec. Breach Litig*., 326 F. Supp. 3d 1372, 1373 (J.P.M.L. 2018); *In re Varsity Spirit Athlete Abuse Litig.*, No. MDL 3077, 2023 WL 3828645, at *2 (J.P.M.L.

June 5, 2023) ("Also weighing heavily against centralization are that (1) plaintiffs in all actions share counsel, (2) there are a limited number of involved actions and districts, and (3) the parties have been successfully informally coordinating the actions. There are just ten actions pending in seven districts."); *In re: Am. Exp. Co. Anti-Steering Rules Antitrust Litig.*, 657 F. Supp. 2d 1365, 1366 (J.P.M.L. 2009) ("Although these six actions unquestionably involve common factual and legal issues, Section 1407 centralization is not necessary at this time. Informal coordination by the parties and the involved courts is indeed ongoing."); *In re Baby Food Marketing, Sales Practices & Prods. Liab. Litig.*, 2021 WL 2369296 (J.P.M.L. 2021) (same).

This litigation is the ideal example of coordination over consolidation as the more beneficial method for the prosecution of these cases. There is no question that a § 1404 transfer would be preferable here because of the small number of cases pending in jurisdictions outside of the Northern District of California, some of which have overlapping counsel to the cases pending in the Northern District of California. There is also no question that the parties in the Northern District of California are cooperating and coordinating, which favors denying the Motion. *See In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.,* 446 F. Supp. 242, 244 (J.P.M.L. 1978)*; see also* Manual for Complex Litigation, Fourth, § 20.14 (2004); *In re Dickey's Barbecue Rests,, Inc. Customer Data Sec. Breach Litig.*, 521 F. Supp. 1355, 1356 (J.P.M.L. 2021).

WHEREFORE the Hoffman Plaintiffs request that this Panel deny the Motion, and for all other relief that this Panel deems just and proper.

Dated: January 18, 2024          Respectfully Submitted

/s/ Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr.
*tom@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220

Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile

*Co-Counsel for Plaintiffs Alexandra Hoffman and
Alexandra Klawitter, and the Putative Class*

**BEFORE THE UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| In re: | MDL DOCKET NO. 3098 |
|---|---|
| 23andMe, Inc. Customer Data Security Breach Litigation | |

## PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that copies of the foregoing *Hoffman Plaintiffs' Response in Opposition to Movants' Motion for Transfer and Centralization* was served on all parties in the following cases electronically via ECF.

Dated: January 18, 2024                    Respectfully Submitted

                                           /s/ Thomas A. Zimmerman, Jr.
                                           Thomas A. Zimmerman, Jr.
                                           *tom@attorneyzim.com*
                                           ZIMMERMAN LAW OFFICES, P.C.
                                           77 West Washington Street, Suite 1220
                                           Chicago, Illinois 60602
                                           (312) 440-0020 telephone
                                           (312) 440-4180 facsimile

                                           *Co-Counsel for Plaintiffs Alexandra Hoffman and*
                                           *Alexandra Klawitter, and the Putative Class*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Blair E. Reed (SBN 316791)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707
Email: *lking@kaplanfox.com*
        *mgeorge@kaplanfox.com*
        *breed@kaplanfox.com*

**BARNOW AND ASSOCIATES, P.C.**
Ben Barnow (*pro hac vice* on file)
Anthony Parkhill (*pro hac vice* on file)
205 W. Randolph Street, Suite 1630
Chicago, IL 60606
Telephone: 312-621-2000
Email: *b.barnow@barnowlaw.com*
        *aparkhill@barnowlaw.com*

*Attorneys for the Schutz Plaintiffs*

*[Additional Plaintiffs' Counsel on Signature Pages]*

**GREENBURG TRAURIG, LLP**
Ian Ballon (SBN 141819)
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone: 650-328-8500
Email: *ballon@gtlaw.com*

Rebekah S. Guyon (SBN 291037)
1849 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 310-586-7700
Email: *guyonr@gtlaw.com*

*Attorneys for Defendant 23andMe. Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONICA SANTANA and PAULA KLEYNBURD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>23ANDME, INC.,<br><br>Defendant. | Case No. 3:23-cv-05147-EMC<br><br>Related Cases: 3:23-cv-05200; 3:23-cv-05579; 3:23-cv-05281; 3:23-cv-05178; 3:23-cv-05198; 3:23-cv-05234; 3:23-cv-05259; 3:23-cv-05302; 3:23-cv-05323; 3:23-cv-05332; 3:23-cv-05341; 3:23-cv-05345; 3:23-cv-05369; 3:23-cv-05419; 3:23-cv-05439; 3:23-cv-05464; 3:23-cv-05541; 3:23-cv-05548; 3:23-cv-05565; 3:23-cv-05635; 3:23-cv-05677; 3:23-cv-05717; 3:23-cv-05768; 3:23-cv-05779; 3:23-cv-06698; 3:23-cv-06719; 3:23-cv-06481; 3:23-cv-05980; 3:23-cv-06205<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: January 23, 2024<br>Time: 1:30 p.m.<br>Courtroom: 5<br>Judge: Edward M. Chen |

**EXHIBIT 1**

Plaintiffs in the above-listed related actions and Defendant 23andMe, Inc. ("Defendant" or "23andMe") submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and Clerk's Order Setting Initial Case Management Conference. ECF No. 35.

**Plaintiffs' Introductory Statement**

Plaintiffs are consumers throughout the United States who have filed putative class action cases against 23andMe arising from a breach of their personal information, including "DNA Relative" information without their authorization. To date, 36 cases have been filed in state and federal courts, 31 of which are pending here in the Northern District of California. The few District Court cases that were filed or are pending outside of the Northern District of California include one in the Central District of California, and two in the Northern District of Illinois. There are also two pending cases filed in California state court—one in Santa Clara Superior Court and one in San Francisco Superior Court. Plaintiffs' Complaints generally allege violations of consumer protection and privacy statutes such as California's Unfair Competition Law, Violation of Oregon's Genetic Privacy Law, Violation of the Illinois Genetic Information Privacy Act, etc., as well as common law claims such as negligence, breach of implied contract, and unjust enrichment. A list of current cases, the Plaintiffs' counsel, and their current venue is attached hereto as **Exhibit A**.

The first filed case in this District, *Santana v. 23andMe, Inc.*, No. 3:23-cv-05147-EMC, was filed on October 9, 2023. On November 7, 2023, an Initial Case Management Conference was scheduled for January 23, 2024. ECF No. 14. Thereafter, over two-dozen cases have been related to the *Santana* Action, and the Initial Case Management Conference was noticed for that same date in all of the related cases. ECF No. 35. On December 21, 2023, Defendant moved to transfer and consolidate all litigation pursuant to 28 U.S.C. § 1407 and Judicial Panel on Multi-District Litigation ("JPML") Rule 6.2 (ECF No. 34-1, "the Motion to Transfer"), MDL No. 3098. The Motion to Transfer is currently pending and may be set for hearing on the JPML's March 2024 calendar. On December 29, 2023, Defendant moved to stay proceedings pending transfer by the JPML (ECF No. 37, the "Motion to Stay"). On January 5, 2024, the hearing on the Motion to Stay was re-noticed for February 22, 2024. ECF No. 44.

Given the procedural posture, the Parties have endeavored to engage in initial discussions about case management and will address the items from the Northern District's Standing Order as best as possible. However, the Parties note that initial case management proposals will center on coordination and consolidation of the currently pending cases. Plaintiffs also submit that one primary matter is setting an initial schedule regarding motions for the appointment of interim class counsel and/or other leadership structure to manage the litigation moving forward. Certain Plaintiffs believe that leadership should be established before the JPML rules on whether the cases will be coordinated and transferred. Other Plaintiffs believe that any leadership motions should be deferred until after the JPML rules so that leadership motions can be filed by any and all counsel with cases across the country and that the transferor Court, which may or may not be this Court, can make that determination.  Once the Court appoints leadership, the Parties can negotiate a more complete case management schedule and discovery plan, including preparation of a consolidated complaint and briefing schedule on Defendant's anticipated motion to dismiss.

### Defendant's Introductory Statement

As set forth in Defendant's Motion to Continue the CMC, Defendant and counsel for plaintiffs in ten of the cases before the Court arising from the October security Incident affecting some 23andMe customers (the "Incident") have requested to either stay these cases or at least continue the CMC until after the Court rules on 23andMe's Motion to Stay, ECF No. 37. 23andMe believes that a CMC at this time is premature, because not all cases filed in the Northern District of California have been assigned to the Court (*Ryan v. 23andMe Inc.* 3:23-cv-5968 (N.D. Cal. Nov. 17, 2023), and at least three other cases have been filed nationwide that encompass overlapping class definitions and claims with those filed here (*Bacus v 23andMe*, Inc. Case No. 1:23-cv-16828 (N.D. Ill. Nov. 13, 2023); *Hu v. 23andMe, Inc.*, Case No. 1:23-cv-17079 (N.D. Ill. Dec. 26, 2023); *Gill v. 23andMe, Inc.,* Case No. 8:23-cv-02387 (C.D. Cal. Oct. 25, 2023).). More than 35 total cases have been filed, including three in the past 30 days, and we expect more cases will be filed between now and the time of a ruling by the JPML. A brief continuance of the CMC to allow time for the cases filed in other districts, or yet to be filed, to be consolidated or coordinated with the Related Cases here will serve the interests of judicial economy, conserve the parties' resources, and avoid the risk of conflicting and duplicative proceedings.

## I. Jurisdiction & Service

**Plaintiffs' statement:** The initial *Santana* Complaint was filed on October 9, 2023, and service was completed on October 13, 2023. Subsequent Complaints have been filed and served. Plaintiffs submit that the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2)(A) and that there is no issue regarding personal jurisdiction or venue. Defendant does not dispute that venue is proper in the Northern District of California, and agrees that there is personal and subject matter jurisdiction over this dispute.

**Defendant's statement**: 23andMe has been properly served in 36 cases. 23andMe does not dispute the Court's jurisdiction. 23andMe does not dispute that venue is proper, but 23andMe believes that venue for coordination and consolidation of all cases allegedly arising from the Incident filed nationwide should be determined by the JPML, as requested in 23andMe's Motion to Transfer Actions to the Northern District of California Pursuant to 18 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings with the Judicial Panel on Multidistrict Litigation, MDL No. 3098.

## II. Factual Allegations

### (a) Plaintiffs' Statement:

23andMe provides a direct-to-consumer genetic testing service, wherein customers provide a saliva sample to 23andMe which is then analyzed in a laboratory to determine customers' genetic information, including ancestry and certain health predispositions. In its Privacy Statement, 23andMe claims to "implement physical, technical, and administrative measures aimed at preventing unauthorized access to or disclosure of your Personal Information." Other representations to some plaintiffs included promises "to maximize protections of individual level data and we have a number of safeguards in place to ensure confidentiality." Despite Defendant's representations, Plaintiffs are among 1.5 million consumers whose personally identifiable information ("PII") and personal genetic information ("PGI"), including, but not limited to, first and last name, sex, and genetic and ancestry information, was breached and exposed due to 23andMe's data security and privacy shortcomings. On or about October 6, 2023, 23andMe reported that Plaintiffs' PII and PGI was stolen by unauthorized persons (the "Data Breach").

23andMe has yet to fully confirm what information was affected, but reports indicate the information exposed includes at least "full names, usernames, profile photos, sex, date of birth, genetic

ancestry results, and geographical location."[1] Hackers claiming to be involved in the Data Breach have begun to advertise millions of pieces of data stolen from 23andMe on an online forum often used to advertise leaked data.[2] According to reports, on October 4, 2023, the hackers began to sell 23andMe profile information for $1–$10 each, depending on the amount purchased.[3] A portion of the data was published with claims it "contained 1 million data points exclusively about Ashkenazi Jews"[4] as well as "hundreds of thousands of individuals with Chinese ancestry."[5]

Genetic information is highly sensitive because it "can communicate sensitive information about an individual, including a person's ancestry, familial relationships, presence at a crime scene, medical risk, and perhaps even behavioral tendencies."[6] It takes less than one hundred individual gene variations to identify an individual, making identifying someone based on genetic information "relatively trivial."[7] Indeed, genetic information combined with demographic information such as state of residence and age can be linked to individuals through data from information brokers.[8] Scientists have long warned of the possibility that even "coded" or "anonymized" DNA could be readily linked to individuals as genetic databases become more popular.[9] Genetic information such as that affected in the Data Breach or possessed by 23andMe "can now be categorized with respect to disease-related genes and linked to

---

[1] Bill Toulas, *Genetics firm 23andMe says user data stolen in credential stuffing attack*, BLEEPINGCOMPUTER (Oct. 6, 2023 11:48 AM), https://www.bleepingcomputer.com/news/security/genetics-firm-23andme-says-user-data-stolen-in-credential-stuffing-attack/.

[2] Raphael Satter, *Hackers Advertise sale of 23andMe Data on Leaked Data Forum*, REUTERS (Oct. 6, 2023 4:28 PM), https://www.reuters.com/technology/hackers-advertise-sale-23andme-data-leaked-data-forum-2023-10-06/.

[3] *See* Lily Hay Newman, *23andMe User Data Stolen in Targeted Attack on Ashkenazi Jews*, WIRED (Oct. 6, 2023 5:53 PM), https://www.wired.com/story/23andme-credential-stuffing-data-stolen/; Toulas, *supra* note 30.

[4] Newman, *supra* note 32.

[5] https://abcnews.go.com/US/connecticut-attorney-general-presses-23andme-data-breach-answers/story?id=104510476

[6] Jessica L. Roberts, *Progressive Genetic Ownership*, 93 NOTRE DAME L. REV. 1105, 1122 (2018).

[7] Ellen W. Clayton, et al., *A Systematic Literature Review of Individuals' Perspectives on Privacy and Genetic Information in the United States*, PLOS ONE 13(10), 15 (2018), https://journals.plos.org/plosone/article/file?id=10.1371/journal.pone.0204417&type=printable.

[8] *Id.*

[9] Amy L. McGuire & Richard A. Gibbs, *No Longer De-Identified*, 312 SCIENCE 370, 370 (2006).

- 4 -

clinical, family, and social data."[10] It is within this context that Plaintiffs must now live with the knowledge that their PII/PGI is forever in cyberspace and was taken by and in the possession of people willing to use the information for any number of improper purposes and scams, including making the information available for sale on the black-market.

Plaintiffs have alleged injuries and damages, including, but not limited to: (i) a substantially increased and imminent risk of identity theft—risk which justifies or necessitates expenditures for protective and remedial services, for which they are entitled to compensation; (ii) the compromise, publication, and theft of their PII/PGI; (iii) breach of the confidentiality of their PII/PGI; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from unauthorized use of their PII/PGI; (v) deprivation of the value of their PII/PGI, for which there is a well-established national and international market; (vi) lost opportunity costs associated with efforts attempting to mitigate the actual and future consequences of the Data Breach; (vii) the continued risk to their PII/PGI which remains in Defendant's possession; (viii) future costs in terms of time, effort, and money that will be required to monitor, prevent, detect, and repair the impact of the PII/PGI compromised as a result of the Data Breach; (ix) overpayment for services that were received without adequate data security; (x) statutory damages available under applicable data privacy, genetic privacy, and consumer protection statutes; and (xi) increased risk of targeted harassment. Accordingly, Plaintiffs have filed these suits for damages and injunctive relief.

**(b)     Defendant's Statement:**

In early October 2023, an unauthorized third party was able to gain access to certain 23andMe customer accounts through a credential stuffing attack because the username and password used on 23andMe.com were the same as those that were used on other websites that were previously compromised or otherwise available ("Stuffed Accounts"). The information accessed in the Stuffed Accounts by the unauthorized third party varied by user account. Using this access, an unauthorized third party was able to access the DNA Relatives or Family Tree profile information of certain 23andMe customers that were connected through 23andMe's optional DNA Relatives feature as genetic relatives

---

[10] William W. Lowrance & Francis S. Collins, *Identifiability in Genomic Research*, 317 SCIENCE MAG. 600, 600 (2007).

of one or more of Stuffed Account customers. 23andMe customers may participate in the DNA Relatives features if they elect to do so. The DNA Relatives feature allows users to share certain information about themselves with other genetic relatives, and see their genetic relatives, but only if their genetic relatives have also chosen to participate in the DNA Relatives feature. In other words, once a customer elects to participate in the DNA Relatives feature, they have agreed to identify themselves as a genetic relative of any other unidentified and unknown customer of 23andMe who has also elected to participate in the feature—it is neither private nor confidential. None of the information available to users of the features can be used to cause financial or pecuniary harm, or even impersonate a person based on "genetics"— it is only information indicating a potential relationship between users of the feature.

Upon learning of the unauthorized access, 23andMe retained third party security experts to investigate the matter and notified customers and law enforcement of the Incident.

After 23andMe discovered and timely disclosed the Incident, 36 lawsuits were filed in state and federal courts around the country, primarily in the Northern District of California. This action was filed on October 9, 2023. *See* ECF No. 1. Pursuant to orders of the Court dated November 20, 2023 (ECF Nos. 20, 24), November 30, 2023 (ECF No. 33), January 5, 2024 (ECF No. 45), January 8, 2024 (ECF No. 46), and January 12, 2024 (ECF No. 49), 31 cases allegedly arising from the Incident are related before the Court.

On December 21, 2023, 23andMe filed a Motion to Transfer Actions to the Northern District of California Pursuant to 18 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings with the Judicial Panel on Multidistrict Litigation, MDL No. 3098. *See* ECF. No. 34. MDL consolidation and centralization of the then-31 (now 34) related federal actions brought against 23andMe, and any subsequently filed related actions for pretrial matters, will result in considerable efficiencies and avoid a potential for duplicative litigation and outcomes while not leading to any material delay in resolving the cases.

After filing the Motion to Transfer, 23andMe endeavored to work with plaintiffs' counsel to streamline proceedings by continuing various deadlines and hearings until after the JPML issued an order on the Motion to Transfer. Counsel for plaintiffs in seven (7) cases agreed to reschedule the initial case management conference and related deadlines to thirty (30) days after the Court's decision on the

motion to stay: *Furia v. 23andMe, Inc*. (Case No. 3:23-cv-05565-EMC), *Greenberg v. 23andMe, Inc*. (Case No. 3:23-cv-05302-EMC), *Hoffman et al v. 23andMe, Inc*. (Case No. 3:23-cv-05332-EMC), *Navarro v. 23andMe, Inc*. (Case No. 3:23-cv-05281-EMC), *Alperstein et al v. 23andMe, Inc*., (Case No. 3:23-cv-05541-EMC), *Seikel v. 23andMe, Inc.* (Case No. 3:23-cv-05419-EMC); *Smith v. 23andMe*, Inc. (Case No. 3:23-cv-05548-EMC). Counsel for plaintiffs in three (3) cases have agreed to stay proceedings pending the JPML's ruling on the MDL Motion. *Lamons v. 23andMe, Inc.* (No. 3:23-cv-05178-EMC), *Tulchinsky v. 23andMe, Inc*. (No. 3:23-cv-05369-EMC), and *Berman et al v. 23andMe, Inc.* (No. 3:23-cv-05345-EMC).

On December 29, 2023, 23andMe moved to stay proceedings pending transfer by the JPML. On January 5, 2024, the hearing on the Motion to Stay was re-noticed for February 22, 2024. ECF No. 44. The Motion to Stay remains undecided.

On January 16, 2024, 23andMe moved to continue the CMC until thirty days after the Court rules on the Motion to Stay.

**III. Legal Issues**

**(a)     Plaintiffs' Statement:**

In the short term, Plaintiffs expect the principal legal issues the Court will decide in this case include: (i) whether Plaintiffs' allegations in a forthcoming consolidated complaint meet the pleading requirements under Federal Rules of Civil Procedure; and (ii) whether Plaintiffs can demonstrate Article III standing. After the pleadings are settled, the Court will have to determine whether class certification is appropriate under Federal Rule of Civil Procedure 23.

**(b)     Defendant's Statement:**

At this stage, the most pressing legal issues concern the administration and coordination of the proceedings. As set forth above, 23andMe has filed a Motion to Transfer Actions to the Northern District of California Pursuant to 18 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings with the Judicial Panel on Multidistrict Litigation, MDL No. 3098. In addition, 23andMe has filed a motion to stay the actions until a decision is reached on the Motion to Transfer. 23andMe contends that the Court should refrain from determining any legal issues until the motion to stay is decided, and to grant the requested stay until there is an order on the Motion to Transfer, because the ruling will influence

nearly every aspect of the litigation, such as the appointment of class counsel, pleadings, setting deadlines, and class certification. Proceeding with the case management conference and setting deadlines would be unproductive under these circumstances.

## IV.  Motions

On November 20, 2023, the Court granted administrative motions to relate *Eden, et al. v. 23andMe, Inc.*, No. 4:23-cv-05200, and *Schutz v. 23andMe, Inc.*, No. 3:23-cv-05579, to *Santana, et al. v. 23andMe, Inc.*, No. 3:23-cv-05147-EMC ("*Santana*"). On November 30, 2023, the Court related the following cases to *Santana* (ECF No. 33):

| | |
|---|---|
| 23-cv-05178-PCP | *Lamons v. 23andMe, Inc.* |
| 23-cv-05198-JSC | *Andrizzi v. 23andMe, Inc.* |
| 23-cv-05234-BLF | *J.S., et al. v. 23andMe, Inc.* |
| 23-cv-05259-JSC | *Mirza v. 23andMe, Inc.* |
| 23-cv-05281-DMR | *Navarro v. 23andMe, Inc.* |
| 23-cv-05302-PCP | *Greenberg v. 23andMe, Inc.* |
| 23-cv-05323-DMR | *Friend v. 23andMe, Inc.* |
| 23-cv-05332-JSC | *Hoffman, et al. v. 23andMe, Inc.* |
| 23-cv-05341-NC | *Farmer v. 23andMe, Inc.* |
| 23-cv-05345-KAW | *Berman, et al. v. 23andMe, Inc.* |
| 23-cv-05369-SVK | *Tulchinsky v. 23andMe, Inc.* |
| 23-cv-05419-JSC | *Seikel v. 23andMe, Inc.* |
| 23-cv-05439-SVK | *Fralix v. 23andMe, Inc.* |
| 23-cv-05464-CRB | *Velez v. 23andMe, Inc.* |
| 23-cv-05548-BLF | *Smith v. 23andMe, Inc.* |
| 23-cv-05541-DMR | *Alperstein v. 23andMe, Inc.* |
| 23-cv-05565-SI | *Furia v. 23andMe, Inc.* |
| 23-cv-05635-RFL | *Vickery v 23andMe, Inc.* |
| 23-cv-05677-NC | *Sorensen v. 23andMe, Inc.* |
| 23-cv-05717-RFL | *Doe v. 23andMe, Inc.* |
| 23-cv-05768-PCP | *Dube v. 23andMe, Inc.* |
| 23-cv-05779-SVK | *Molina v. 23andMe, Inc.* |

On January 5, 2024, the Court related *Paddy, et al., v. 23andMe, Inc.*, No. 4:23-cv-06698, and on January 8, 2024, the Court related *Picha v. 23andMe, Inc.*, 3:23-cv-06719. ECF Nos. 45, 46. On January 12, 2024, the Court related *Rivers, et al. v. 23andMe, Inc. et al.,* 3:23-cv-06481; *Scott et al. v. 23andMe Holding Co. et al.*, Case No. 3:23-cv-05980; *Ioffe v. 23andMe, Inc.,* Case No. 5:23-cv-06205. ECF No. 49.

On December 21, 2023, Defendant moved to transfer and consolidate all litigation pursuant to 28 U.S.C. § 1407 and Judicial Panel on Multi-District Litigation ("JPML") Rule 6.2 (ECF No. 34-1, the "Motion to Transfer"), MDL No. 3098. This motion is currently pending.

On December 29, 2023, Defendant moved to stay proceedings pending transfer by the JPML (ECF No. 37, the "Motion to Stay"). The hearing on the Motion to Stay is set for January 25, 2024.

On January 16, 2024, 23andMe moved to continue the CMC, and moved to file its motion to continue the CMC under seal because of its references to confidential mediation proceedings.

Plaintiffs also anticipate filing one or more motions to appoint lead counsel pursuant to Rule 23(g). Plaintiffs propose a briefing schedule below.

Defendant has not yet filed a motion to dismiss. After the pleadings are resolved, Plaintiffs intend to move for class certification after obtaining necessary discovery. Plaintiffs propose that a schedule for class certification be set after lead counsel has been appointed. As stated above, certain plaintiffs propose appointment of lead counsel before the JPML rules, and certain plaintiffs propose appointment of lead counsel after the JPML rules.

## V. Amendment of Pleadings

Plaintiffs anticipate filing a consolidated complaint after the appointment of interim class counsel.

As stated above, certain plaintiffs propose appointment of lead counsel before the JPML rules, and certain plaintiffs propose appointment of lead counsel after the JPML rules.

## VI. Evidence Preservation

Counsel for the Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have agreed to take reasonable and necessary steps to preserve evidence relevant to the issues reasonably evident in this action.

## VII. Disclosures

No initial disclosures have been served. The Parties submit that initial disclosures will be made in accordance with a schedule to be set by the Court.

## VIII. Discovery

**Plaintiffs' statement:** Plaintiffs anticipate that they will serve written discovery requests promptly after the completion of the Rule 26(f) conference and after interim class counsel has been appointed. As stated above, certain plaintiffs propose appointment of lead counsel before the JPML rules, and certain plaintiffs propose appointment of lead counsel after the JPML rules. Once Defendant and any third-parties have responded to written discovery and produced responsive documents, Plaintiffs anticipate taking the depositions of fact and corporate designated witnesses prior to moving for class certification.

**Defendant's statement**: Discovery should be stayed to avoid inconsistent and needlessly costly procedures. As set forth above, there are 31 related cases pending in the Northern District of California, and other cases pending in district courts around the country, all of which stem from the same Incident, and more cases will be filed. These cases are bound to involve the same depositions, fact discovery, and expert discovery. Advancing the discovery process at this stage would inevitably lead to a duplication of efforts and a waste of court and party resources. For example, 23andMe anticipates that electronic discovery may require agreement on search terms to be used, which will not happen if discovery commences before the cases are consolidated and all plaintiffs' counsel (or lead counsel) participate.

Without prejudice to its rights to seek discovery on any relevant issues, 23andMe contemplates it will need and seek discovery concerning plaintiff's claims and damages and such other matters as it may deem relevant in the course of this litigation. Until a consolidated amended complaint encompassing all actions filed in federal courts nationwide is filed, 23andMe cannot accurately anticipate the issues upon which discovery will be required here.

Discovery is also premature because many of the claims asserted have no basis in law or the facts alleged and would substantially broaden the scope of discovery, needlessly multiplying the costs for all parties. For example, plaintiffs assert claims under various non-California state consumer protection statutes, many of which are barred by the choice of law clause in 23andMe's terms of service. Should discovery commence before motions to dismiss are heard, the parties will be forced to propound and respond to discovery relating to these claims. Doing so will lead to the depletion of valuable court and party resources without furnishing relevant details on the issues genuinely in dispute. Conversely,

deferring discovery until after motions to dismiss are heard will enable the parties to concentrate solely on pertinent facts and issues. Accordingly, discovery should be stayed pending the resolution of any motions to dismiss plaintiffs' claims in the present complaint or a consolidated complaint because "[d]iscovery is only appropriate where there are factual issues raised by a Rule 12(b) motion." *Jarvis v. Regan*, 833 F. 2d 149, 155 (9th Cir. 1987) (affirming order staying discovery pending resolution of motions to dismiss).

Discovery should also be bifurcated to address first the merits of plaintiffs' claims, followed by discovery relevant to class certification, if any of plaintiffs' claims survive 23andMe's anticipated motion for summary judgment.

If or when discovery commences, 23andMe intends to seek discovery on the following topics, among others:

1.   Plaintiffs' alleged theories of harm and damages;

2.   Plaintiffs' use of 23andMe's platform;

3.   Plaintiffs' alleged reliance on any statements made by 23andMe regarding security and personal information;

4.   Plaintiffs' claims that their privacy has been invaded.

**IX.  Class Actions**

**Plaintiff's statement**: Although a consolidated complaint has yet to be filed, Plaintiffs intend to seek certification of one or more classes generally consisting of consumers whose PII or PGI was compromised in the Data Breach by unauthorized persons. Plaintiffs propose that a schedule for class certification be set based on proposals from the Parties once interim class counsel is appointed and/or Rule 12 motions are decided.

**Defendant's statement**: The propriety of setting a schedule for class certification cannot be determined until a consolidated complaint encompassing all federal actions filed nationwide is filed. Based on the current pleadings, 23andMe believes that issues of adequacy and individualized inquiries likely make these cases inappropriate for class certification.

## X. Related Cases

As noted above in Section IV, pursuant to Local Rule 3-12(a) the Court related over 20 cases to *Santana,* the lowest number case. There are also two cases pending in California state court that assert claims exclusively on behalf of classes of California citizens. *See Morgenstern v. 23andMe, Inc*., T-23-1490 (Cal. Super. Ct. San Francisco County); *Vasquez v.23andMe, Inc.*, 23CV424996 (Cal. Super. Ct. Santa Clara County).

In addition to the foregoing cases, there are additional cases that have been filed that related to the Incident, including *Ryan v. 23andMe Inc.* 3:23-cv-5968 (N.D. Cal. Nov. 17, 2023), which is pending in the Northern District, but has not been consolidated, and at least three other cases have been filed nationwide that encompass overlapping class definitions and claims with those filed here (*Bacus v 23andMe*, Inc. Case No. 1:23-cv-16828 (N.D. Ill. Nov. 13, 2023); *Hu v. 23andMe, Inc.*, Case No. 1:23-cv-17079 (N.D. Ill. Dec. 26, 2023)); *Gill v. 23andMe, Inc.,* Case No. 8:23-cv-02387 (C.D. Cal. Oct. 25, 2023)).

## XI. Relief

**Plaintiffs' statement:** Plaintiffs seek damages, restitution, disgorgement, and/or other monetary relief as well as injunctive relief, and an award of attorneys' fees, costs and expenses, and any other relief the Court deems to be just and proper.

**Defendant's statement**: The information potentially accessed from plaintiffs in the Incident was already freely disseminated on 23andMe's platform to other unknown and unidentified users, by plaintiffs' own decision. It is not information that could be used to cause financial or pecuniary harm or identity theft. Plaintiffs have no damages. Injunctive relief would be improper because of the availability of ample legal remedies to the plaintiffs, and because 23andMe has fully remediated the Incident. As a part of its ongoing efforts to protect user information, 23andMe ended all active logged-in user sessions and required a password reset on all user accounts. Additionally, on November 6, 2023, 23andMe began requiring that all of its customers use 2-step verification as an added layer of protection for their accounts. Notably, 23andMe customers have had the option to use Authenticator App 2-factor authentication since 2019.

## XII. Settlement and ADR

**Plaintiffs' statement**: Plaintiffs are generally amenable to engaging in settlement discussions. Some Plaintiffs propose deferring private mediation until after interim class counsel has been appointed, but reserve their right to attend any scheduled mediation. Other Plaintiffs believe that there is no reason for delay of a private mediation and will attend a mediation scheduled in the near future.

**Defendants' statement**: A mediation is scheduled for the near term, to which all plaintiffs' counsel are welcome to attend and participate in, and to which a large number of plaintiffs' counsel have confirmed they will attend. 23andMe is hopeful that the mediation will be productive, and the pending mediation further warrants a brief stay here to avoid cases that may be resolved but should be consolidated and coordinated from proceeding on different tracks.

## XIII. Consent to Magistrate Judge for All Purposes

The Parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

## XIV. Other References

The Parties do not believe that this case is suitable for reference to binding arbitration or a special master. Defendant's Motion to Transfer, Motion to Stay, and Motion to Continue are currently pending.

## XV. Narrowing of Issues

**Plaintiffs' Statement**: Plaintiffs are presently unaware of any stipulations or agreements that could narrow the issues at this time, but agree that this issue should be explored following the appointment of interim class counsel.

**Defendant's Statement**: Whether plaintiffs have a plausible claim for relief and whether plaintiffs have suffered any actual harm giving them Article III standing to sue under any claim alleged are issues that could substantially narrow or end the case and will reveal the proper contours, if any, for discovery. While 23andMe believes that the Parties will ultimately be able to narrow the issues here, the actual narrowing of issues can only be achieved after the JPML enters its order on the Motion to Transfer. The Parties need greater clarity regarding the plaintiffs involved, the matters that will be

consolidated, the claims in question before the Parties can effectively proceed with the process of narrowing the issues through stipulations or agreements.

## XVI. Expedited Trial Procedure

The Parties do not believe that this case is suitable for the Expedited Trial Procedure of General Order No. 64, **Attachment A**.

## XVII. Scheduling

The current briefing and hearing schedule on Defendant's Motion to Stay is as follows:

| Defendant's Motion to Stay | |
|---|---|
| Oppositions to Defendant's Motion to Stay | January 12, 2024 |
| Replies in Support of Defendant's Motion to Stay | January 19, 2024 |
| Hearing on Defendant's Motion to Stay | February 22, 2024 at 1:30 p.m. |
| **Defendant's Administrative Motion to Continue CMC** | |
| Defendant's Motion to Continue CMC Filed | |
| Oppositions to Defendant's Motion to Continue CMC | |
| Replies in Support of Defendant's Motion to Continue CMC | |
| **Defendant's Administrative Motion to File Under Seal** | |
| Defendant's Motion to File Under Seal Filed | |
| Oppositions to Defendant's Motion to File Under Seal Filed | |
| Replies in Support of Defendant's Motion to File Under Seal Filed | |

As stated above, certain plaintiffs propose appointment of lead counsel before the JPML rules, and certain plaintiffs propose appointment of lead counsel after the JPML rules.

For those Plaintiffs that believe that leadership should be appointed before the JPML rules, they hereby propose the Court immediately set a schedule without reply briefing to appoint lead counsel as follows:

| Plaintiffs' Motions to Appoint Lead Counsel | February 7, 2024 |
|---|---|
| Oppositions/Responses to Motions to Appoint Lead Counsel | February 14, 2024 |
| Hearing on Motions to Appoint Lead Counsel | March 21, 2024 at 1:30 p.m. |

The position of the Plaintiffs that believe that leadership should be determined after the JPML rules is that no leadership briefing should be scheduled at this time.

**Plaintiffs' statement**: For the Plaintiffs who believe that leadership should be determined before the JPML rules, those Plaintiffs submit that the Court should set a further case management conference approximately 30 days after it issues its order on motions for interim class counsel and directing the Parties to meet and confer regarding the remainder of the schedule, including the schedule for briefing and hearing on Defendant's pleading challenges, fact and expert discovery, class certification, and trial at that time. Plaintiffs also submit that the Court should order that a consolidated complaint be due within 45 days after the appointment of interim class counsel.

For those Plaintiffs who believe that leadership should be determined after the JPML rules, their position is that a case management conference should be scheduled approximately 30 days after the JPML rules, and by the court to which the JPML sends the cases, if the JPML creates an MDL.

**Defendant's statement**: Defendant requests that this Court continue the case management conference until after the JPML rules on its MDL Motion, or at least after the Court rules on 23andMe's Motion to Stay. In the event that the JPML grants the Motion to Transfer and transfers these actions to the Northern District of California, any deadlines established at the case management conference would need to be readjusted to address the new cases. Therefore, establishing any deadlines at this juncture would be premature, and 23andMe asks the Court to continue the initial case management conference to at least 30 days after the panel issues a decision on the Motion to Transfer.

## XVIII. Trial

Plaintiffs have demanded a jury trial on all causes of action so triable. The Parties respectfully submit that the trial date, trial length estimate, and other pretrial deadlines should be addressed after the Court has made a determination on class certification and any dispositive motions filed by the Parties.

## XIX. Disclosure of Non-Party Interested Entities or Persons

The Parties will file a Certification of Interested Entities or Persons as required under Local Rule 3-15.

Plaintiffs state here that other than the named parties and members of the proposed class, there is no such interest to report.

## XX. Professional Conduct

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. Other

**Plaintiffs' statement**: The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

**Defendant's statement**: A brief continuance of the CMC until after the Court rules on 23andMe's Motion to Stay, or after the JPML rules on 23andMe's MDL Petition, will further the just, speedy, and inexpensive disposition of this matter and promote the parties' ability to mediate a global resolution in the near term.

Respectfully submitted,

DATED: January 16, 2024

**KAPLAN FOX & KILSHEIMER LLP**

By: /s/ *Matthew B. George*
Matthew B. George

Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Blair E. Reed (SBN 316791)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707
Email: *lking@kaplanfox.com*
*mgeorge@kaplanfox.com*
*breed@kaplanfox.com*

1

2

*Attorneys for the Schutz and Paddy Plaintiffs*

**BARNOW AND ASSOCIATES, P.C.**
Ben Barnow (*pro hac vice* on file)
Anthony L. Parkhill (*pro hac vice* on file)
205 West Randolph Street, Suite 1630
Chicago, IL 60606
Telephone: 312-621-2000
Facsimile: 312-641-5504
Email: *b.barnow@barnowlaw.com*
*aparkhill@barnowlaw.com*

*Attorneys for the Schutz Plaintiffs*

**STUEVE SIEGEL HANSON LLP**
Norman E. Siegel (*pro hac vice*)
J. Austin Moore (*pro hac vice* forthcoming)
Brandi S. Spates (*pro hac vice*)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: 816-714-7100
Email: *siegel@stuevesiegel.com*
*moore@stuevesiegel.com*
*spates@stuevesiegel.com*

*Attorneys for the Paddy Plaintiffs*

DATED: January 16, 2024

**EDELSBERG LAW, P.A.**

By: /s/ *Scott Edelsberg*
Scott Edelsberg

Scott Edelsberg (SBN 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
Email: *scott@edelsberglaw.com*

Andrew J. Shamis (*pro hac vice* forthcoming)
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 400
Miami, FL 33132
Telephone: 305-479-2299
Email: *ashamis@shamisgentile.com*

*Attorneys for the Santana Plaintiffs*

DATED: January 16, 2024

**REESE LLP**

By: /s/ *Michael R. Reese*
Michael R. Reese

Michael R. Reese (SBN. 206773)
Sue J. Nam (SBN 206729)
100 West 93rd Street, 16th Floor

New York, New York 10025
Telephone: (212) 643-0500
Email: *mreese@reesellp.com*

**REESE LLP**
George V. Granade (SBN 316050)
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Email: *ggranade@reesellp.com*

**REESE LLP**
Charles D. Moore (*pro hac vice* forthcoming)
100 South 5th Street, Suite 1900
Minneapolis, Minnesota 55402
Telephone: (212) 643-0500
Email: *cmoore@reesellp.com*

*Attorneys for Plaintiff Lamons and Plaintiff Tulchinsky*

**LAUKAITIS LAW LLC**
Kevin Laukaitis (*pro hac vice* forthcoming)
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, Puerto Rico 00907
Telephone: (215) 789-4462
Email: *klaukaitis@laukaitislaw.com*

*Attorney for Plaintiff Lamons*

**LAW OFFICE OF COURTNEY WEINER PLLC**
Courtney L. Weiner (*pro hac vice* forthcoming)
1629 K Street Northwest, Suite 300
Washington, District of Columbia 20006
Telephone: (202) 827-9980
Email: *cw@courtneyweinerlaw.com*

*Attorney for Plaintiff Tulchinsky*

DATED: January 16, 2024

**SROURIAN LAW FIRM, P.C.**

By: */s/ Daniel Srourian*
      Daniel Srourian

Daniel Srourian (SBN 285678)
3435 Wilshire Blvd., Suite 1710
Los Angeles, California 90010
Telephone: (213) 474-3800
Facsimile: (213) 471-4160
Email: *daniel@slfla.com*

*Attorney for Plaintiff Andrizzi*

1   DATED:  January 16, 2024          **CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**

By:  */s/ Gayle M. Blatt*
        Gayle M. Blatt

David S. Casey, Jr (SBN 060768)
Gayle M. Blatt (SBN 122048)
P. Camille Guerra (SBN 326546)
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232
Email:  *dcasey@cglaw.com*
       *gmb@cglaw.com*
       *camille@cglaw.com*

*Attorneys for the Eden Plaintiffs and Plaintiff Velez*

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
Melissa R. Emert (*pro hac vice*)
Gary S. Graifman (*pro hac vice*)
135 Chestnut Ridge Road, Suite 200
Montvale, NJ 07645
Telephone: (845) 356-2570
Facsimile: (845) 356-4335
Email:  *memert@kgglaw.com*
       *ggraifman@kgglaw.com*

*Attorneys for the Eden Plaintiffs*

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Karen Hanson Riebel (*pro hac vice*)
Kate Baxter-Kauf (*pro hac vice* forthcoming)
Maureen Kane Berg (*pro hac vice* forthcoming)
100 Washington Square, Suite 2200
Minneapolis, Minnesota 55401
Telephone: 612-339-6900
Facsimile: 612-339-0981
Email:  *khriebel@locklaw.com*
       *kmbaxter-kauf@locklaw.com*
       *mkberg@locklaw.com*

**LYNCH CARPENTER, LLP**
Gary F. Lynch (*pro hac vice* forthcoming)
1133 Penn Avenue, 5th Floor
Pittsburg, PA 15222
Telephone: 412-322-9243
Facsimile: 412-231-0246
Email:  *gary@lcllp.com*

*Attorneys for Plaintiff Velez*

Case No. 3:23-cv-05147-EMC

1     DATED: January 16, 2024         **ZINNS LAW, LLC**

2                                         By: /s/ *Sharon J. Zinns*

3                                                  Sharon J. Zinns

4                               Sharon J. Zinns (SBN 241476)
                              4243 Dunwoody Club Drive, Suite 104

5                               Atlanta, Georgia 30350
                              Telephone: (404) 882-9002

6                               Email: *sharon@zinnslaw.com*

7                               **MCSHANE & BRADY, LLC**
                              Maureen M. Brady (*pro hac vice* forthcoming)

8                               Lucy McShane (*pro hac vice* forthcoming)
                              1656 Washington Street, Suite 120

9                               Kansas City, MO 64108
                              Telephone: (816) 888-8010

10                             Facsimile: (816) 332-6295
                            E-mail: *mbrady@mcshanebradylaw.com*

11                                   *lmcshane@mcshanebradylaw.com*

12                             *Attorneys for Plaintiffs J.S., J.T., and A.L.*

13     DATED: January 16, 2024         **KAZEROUNI LAW GROUP, APC**

14                             By: /s/ *Abbas Kazerounian*
                                  Abbas Kazerounian

15                             Abbas Kazerounian (SBN 249203)
                            Mona Amini (SBN 296829)

16                             245 Fischer Avenue, Unit D1
                            Costa Mesa, California 92626

17                             Telephone: (800) 400-6808
                            Facsimile: (800) 520-5523

18                             E-mail: *ak@kazlg.com*

19                                   *mona@kazlg.com*

20                             *Attorneys for Plaintiff Mirza*

21     DATED: January 16, 2024         **COLE & VAN NOTE**

22                             By: /s/ *Laura Grace Van Note*
                                  Laura Grace Van Note

23                             Scott Edward Cole (SBN 160744)

24                             Laura Grace Van Note (SBN 310160)
                            555 12th Street, Suite 2100

25                             Oakland, California 94607
                            Telephone: (510) 891-9800

26                             Facsimile: (510) 891-7030
                            Email: *sec@colevannote.com*

27                                   *lvn@colevannote.com*

28                             *Attorneys for the Navarro Plaintiffs*

1    DATED:  January 16, 2024

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

By:  /s/ *John J. Nelson*
          John J. Nelson

John J. Nelson (SBN 317598)
402 W Broadway, Suite 1760
San Diego, CA 92101
Telephone: (858) 209-6941
Email:  jnelson@milberg.com

*Attorney for the Hoffman Plaintiffs, Plaintiff Greenberg, and Plaintiff Dube*

**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
Jeff Ostrow (*pro hac vice* forthcoming)
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
Email:  ostrow@kolawyers.com

*Attorney for Plaintiff Greenberg*

**DANNLAW**
Marc E. Dann (*pro hac vice* forthcoming)
Brian D. Flick (*pro hac vice* forthcoming)
15000 Madison Avenue
Lakewood, Ohio 44107
Telephone: (216) 373-0539
Facsimile: (216) 373-0536 facsimile
Email:  notices@dannlaw.com

**ZIMMERMAN LAW OFFICES, P.C.**
Thomas A. Zimmerman, Jr. (*pro hac vice*)
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020 telephone
Facsimile: (312) 440-4180 facsimile
Email:  tom@attorneyzim.com

*Attorneys for the Hoffman Plaintiffs*

**THE SULTZER LAW GROUP**
Jason P. Sultzer (*pro hac vice* forthcoming)
270 Madison Avenue, Suite 1800
New York, NY 10016
Telephone: (845) 483-7100
Facsimile: (888) 749-7747
Email:  sultzerj@thesultzerlawgroup.com

**LEVIN SEDRAN & BERMAN**
Charles E. Schaffer (*pro hac vice*)
510 Walnut Street, Suite 500

Philadelphia, PA 19106
Telephone: (215) 592-1500
Email:  *cschaffer@lfsblaw.com*

*Attorneys for Plaintiff Dube*

DATED:  January 16, 2024          **EMPLOYEE JUSTICE LEGAL GROUP, PC**

By:  /s/ *Saima Ali Gipson*
            Saima Ali Gipson

Kaveh S. Elihu (SBN 268249)
Saima Ali Gipson (SBN 324752)
1001 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 382-2222
Facsimile: (213) 382-2230
Email:  *kelihu@ejlglaw.com*
            *sali@ejlglaw.com*

*Attorneys for the Friend Plaintiffs*

DATED:  January 16, 2024          **CLAYEO C. ARNOLD**
                                                    **A PROFESSIONAL CORPORATION**

By:  /s/ *M. Anderson Berry*
            M. Anderson Berry

M. Anderson Berry (SBN 262879)
Gregory Haroutunian (SBN 330263)
Brandon P. Jack (SBN 325584)
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Email:  *aberry@justice4you.com*
            *gharoutunian@justice4you.com*
            *bjack@justice4you.com*

*Attorneys for Plaintiff Farmer and Plaintiff Sorensen*

**KLEINE PC**
Benjamin H. Kleine (SBN 257225)
95 Third Street, 2nd Floor, #9048
San Francisco, CA 94103
Telephone: 415-465-5655
Email:  *ben@kleinepc.com*

*Attorney for Plaintiff Farmer*

**FEDERMAN & SHERWOOD**
William B. Federman (*pro hac vice* forthcoming)
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
-and-
212 W. Spring Valley Road

Richardson, Texas 75081
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
Email: *wbf@federmanlaw.com*

*Attorney for Plaintiff Sorensen*

**LOFTUS & EISENBERG, LTD.**
Ross M. Good (*pro hac vice*)
161 N. Clark, Suite 1600
Chicago, Illinois 60601
Telephone: (312) 772-5396
Email: *ross@loftusandeisenberg.com*

**ARON LAW FIRM**
William Aron (SBN 234408)
15 W Carrillo St, Suite 217
Santa Barbara, CA 93101
Telephone: (805) 618-1768
Email: *bill@aronlawfirm.com*

*Attorneys for the Berman Plaintiffs*

DATED: January 16, 2024          **PIERCE GORE LAW FIRM, PC**

By: */s/ Ben F. Pierce-Gore*
        Ben F. Pierce-Gore

Ben F. Pierce Gore (SBN 128515)
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Telephone: (408) 806-4600
Email: *piercegore@gmail.com*

**CUNEO GILBERT & LADUCA, LLP**
Charles J. LaDuca (*pro hac vice* forthcoming)
Brendan Thompson (*pro hac vice* forthcoming)
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
Email: *charles@cuneolaw.com*
          *brendant@cuneolaw.com*

**NEAL & HARWELL, PLC**
Charles Barrett (*pro hac vice*)
Daniella Bhadare-Valente (*pro hac vice* forthcoming)
Morgan L. Burkett (*pro hac vice* forthcoming)
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
Telephone: (615) 244-1713
Email: *cbarrett@nealharwell.com*
          *dbhadare-valente@nealharwell.com*
          *mburkett@nealharwell.com*

*Attorneys for Plaintiff Seikel*

- 23 -                    Case No. 3:23-cv-05147-EMC
JOINT CASE MANAGEMENT STATEMENT

1

**POULIN | WILLEY | ANASTOPOULO, LLC**
Eric M. Poulin (SBN 298476)

2

Blake G. Abbott (*pro hac vice* forthcoming)
Paul J. Doolittle (*pro hac vice* forthcoming)

3

32 Ann Street
Charleston, SC 29403

4

Telephone: (803) 222-2222
Facsimile: (843) 494-5536

5

Email: *eric.poulin@poulinwilley.com*

6

*blake.abbott@poulinwilley.com*
*paul.doolittle@poulinwilley.com*

7

**BOHREN LAW, APC**
John Christian Bohren (SBN: 295292)

8

8560 West Sunset Boulevard, 4th Floor
West Hollywood, CA 90069

9

Telephone: 619-433-2803
Facsiile: 800-867-6779

10

Email: *yanni@bohrenlaw.com*

11

*Attorneys for Plaintiff Fralix*

12

DATED: January 16, 2024

**CLARKSON LAW FIRM, P.C.**

13

By: /s/ *Ryan J. Clarkson*
    Ryan J. Clarkson

14

15

Ryan J. Clarkson (SBN 257074)
Yana Hart (SBN 306499)
Tiara Avaness (SBN 343928)

16

Valter Malkhasyan (SBN 348491)
22525 Pacific Coast Highway

17

Malibu, CA 90265
Telephone: (213) 788-4050

18

Facsimile: (213) 788-4070
Email: *rclarkson@clarksonlawfirm.com*

19

*yhart@clarksonlawfirm.com*
*tavaness@clarksonlawfirm.com*

20

*vmalkhasyan@clarksonlawfirm.com*

21

*Attorneys for the Alperstein Plaintiffs*

22

DATED: January 16, 2024

**MIGLIACCIO & RATHOD LLP**

23

By: /s/ *Nicholas A. Migliaccio*
    Nicholas A. Migliaccio

24

25

Nicholas A. Migliaccio (*pro hac vice* forthcoming)
Jason S. Rathod (*pro hac vice* forthcoming)

26

412 H Street NE, no. 302,
Washington, DC, 20002

27

Telephone: (202) 470-3520
Email: *nmigliaccio@classlawdc.com*

28

*jrathod@classlawdc.com*

1    *Attorneys for Plaintiff Smith*

2    **MIGLIACCIO & RATHOD LLP**
     Matthew Smith (SBN 309392)
3    201 Spear Street, Suite 1100
     San Francisco, CA 94105
4    Telephone: (831) 687-8255
     Email: *msmith@classlawdc.com*
5
     *Attorney for Plaintiff Smith and Plaintiff Furia*
6
     **GUSTAFSON GLUEK PLLC**
7    David A. Goodwin (*pro hac vice* forthcoming)
     120 South Sixth Street, Suite 2600
8    Minneapolis, MN 55402
     Telephone: (612) 333-8844
9    Email: *dgoodwin@gustafsongluek.com*

10   *Attorney for Plaintiff Furia*

11   DATED: January 16, 2024        **WOLF HALDENSTEIN ADLER FREEMAN &**
                                    **HERZ LLP**
12
                                    By: /s/ *Rachele R. Byrd*
13                                       Rachele R. Byrd

14                                  Rachele R. Byrd (SBN 190634)
                                    750 B Street, Suite 1820
15                                  San Diego, CA 92101
                                    Telephone: (619) 239-4599
16                                  Facsimile: (619) 234-4599
                                    Email: *byrd@whafh.com*
17
                                    **TOSTRUD LAW GROUP, PC**
18                                  Jon Tostrud (SBN 199502)
                                    1925 Century Park East, Suite 2100
19                                  Los Angeles, CA 90067
                                    Telephone: (310) 278-2600
20                                  Facsimile: (310) 278-2640
                                    Email: *jtostrud@tostrudlaw.com*
21
                                    **ERIK H. LANGELAND, P.C.**
22                                  Erik H. Langeland (*pro hac vice*)
                                    733 Third Avenue, 16th Floor
23                                  New York, NY. 10017
                                    Telephone: (212) 354-6270
24                                  elangeland@langelandlaw.com
25
                                    *Attorneys for Plaintiff Vickery*
26
     DATED: January 16, 2024        **ROBBINS GELLER RUDMAN & DOWD LLP**
27
                                    By: /s/ *Dorothy P. Antullis*
28                                       Dorothy P. Antullis

                                    - 25 -          Case No. 3:23-cv-05147-EMC

Dorothy P. Antullis (*pro hac vice*)
Stuart A. Davidson (*pro hac vice*)
Lindsey H. Taylor (*pro hac vice*)
Nicolle B. Brito (SBN 333130)
Alexander C. Cohen (*pro hac vice*)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

**THE GRANT LAW FIRM, PLLC**
Lynda J. Grant (*pro hac vice* forthcoming)
521 Fifth Avenue, 17th Floor
New York, NY 10175
Telephone: (212) 292-4441
Facsimile: (212) 292-4442 (fax)

**LONGMAN LAW, P.C.**
Howard T. Longman (*pro hac vice*)
354 Eisenhower Parkway, Suite 1800
Livingston, NJ 07039
Telephone: (973) 994-2315
Facsimile: (973) 994-2319

*Attorneys for Plaintiff Doe*

DATED: January 16, 2024

**BERMAN TABACCO**

By: /s/ *Patrick T. Egan*
          Patrick T. Egan

Patrick T. Egan (*pro hac vice*)
Steven J. Buttacavoli (*pro hac vice*)
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: *pegan@bermantabacco.com*
           *sbuttacavoli@bermantabacco.com*

**BERMAN TABACCO**
Daniel E. Barenbaum (SBN 209261)
Christina M. Sarraf (SBN 328028)
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: *dbarenbaum@bermantabacco.com*
           *csarraf@bermantabacco.com*

*Attorneys for Plaintiff Molina*

DATED: January 16, 2024

**LEXINGTON LAW GROUP**

By: /s/ *Mark N. Todzo*

Mark N. Todzo

Mark N. Todzo (SBN 168389)
Patrick R. Carey (SBN 308623)
Meredyth L. Merrow (SBN 328337)
503 Divisadero Street
San Francisco, CA 94117
Telephone: 415-913-7800
Facsimile: 415-759-4112
Email: *mtodzo@lexlawgroup.com*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo (*pro hac vice*)
Carey Alexander (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
Email: *jguglielmo@scott-scott.com*
        *calexander@scott-scott.com*

*Attorneys for the Scott Plaintiffs*

DATED:  January 16, 2024

**SCHUBERT JONCKHEER & KOLBE LLP**

By: /s/ *Amber L. Schubert*
        Amber L. Schubert

Robert C. Schubert (SBN 62684)
Willem F. Jonckheer (SBN 178748)
Amber L. Schubert (SBN 278696)
2001 Union St, Ste 200
San Francisco, CA 94123
Telephone: (415) 788-4220
Email: *rschubert@sjk.law*
        *wjonckheer@sjk.law*
        *aschubert@sjk.law*

*Attorneys for Plaintiff Ioffe*

DATED:  January 16, 2024

**THE MEHDI FIRM, PC**

By: /s/ *Azra Mehdi*
        Azra Mehdi

Azra Mehdi (SBN 220406)
95 Third Street
2nd Floor No. 9122
San Francisco, CA 94103
Telephone/Facsimile: (415) 905-8880
Email: *azram@themehdifirm.com*

**HERMAN JONES LLP**

Case No. 3:23-cv-05147-EMC

1    John C. Herman (*pro hac vice* forthcoming)
     Candace N. Smith (*pro hac vice* forthcoming)
     3424 Peachtree Road N.E., Suite 1650
2    Atlanta, Georgia 30326
     Telephone: (404) 504-6500
3    Facsimile: (404) 504-6501
     Email: *jherman@hermanjones.com*
4           *csmith@hermanjones.com*

5    *Attorneys for the Rivers Plaintiffs*

6    DATED: January 16, 2024          **KELLER ROHRBACK L.L.P.**

7                                     By: /s/ *Christopher L. Springer*
                                             Christopher L. Springer
8
                                     Christopher L. Springer (SBN 291180)
9                                    801 Garden Street, Suite 301
                                     Santa Barbara, CA 93101
10                                   Telephone: (805) 456-1496
                                     Email: *cspringer@kellerrohrback.com*
11
                                     **KELLER ROHRBACK L.L.P.**
12                                   Cari Campen Laufenberg (*pro hac vice* forthcoming)
                                     Gretchen Freeman Cappio (*pro hac vice*
13                                   forthcoming)
                                     1201 Third Avenue, Suite 3200
14                                   Seattle, WA 98101
                                     Telephone: (206) 623-1900
15                                   Email: *claufenberg@kellerrohrback.com*
                                             *gcappio@kellerrohrback.com*
16
                                     *Attorneys for Plaintiff Picha*
17

18                                   Respectfully submitted,

19   DATED: January 16, 2024          **GREENBURG TRAURIG**

20                                   By: /s/ *Ian Ballon*
                                             Ian Ballon
21
                                     1900 University Avenue, 5th Floor
22                                   East Palo Alto, CA 94303
                                     Telephone: 650-328-8500
23                                   Email: *ballon@gtlaw.com*

24                                   Rebekah S. Guyon (SBN 291037)
                                     1849 Century Park East, Suite 1900
25                                   Los Angeles, CA 90067
                                     Telephone: 310-586-7700
26                                   Email: *guyonr@gtlaw.com*

27                                   *Attorneys for Defendant 23andMe*

28

                              - 28 -                    Case No. 3:23-cv-05147-EMC

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Matthew B. George, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of January, 2023, at San Diego, California.


By:  /s/ *Matthew B. George*
Matthew B. George

**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In Re:                                              )
                                                    )          MDL No. 3098
23andMe, Inc. Customer Data Security                )
Breach Litigation                                   )

## **PROOF OF SERVICE**

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial

Panel on Multidistrict Litigation, I hereby certify that the foregoing Response in Opposition was

served upon counsel of record in this case via the U.S. Judicial Panel on Multidistrict Litigation

CM/ECF System on this day January 18, 2024.


                        /s/ Thomas A. Zimmerman, Jr.
                        _____
                            Thomas A. Zimmerman, Jr.
                            *tom@attorneyzim.com*
                            ZIMMERMAN LAW OFFICES, P.C.
                            77 W Washington Street, Suite 1220
                            Chicago, Illinois 60602
                            (312) 440-0020 telephone
                            (312) 440-4180 facsimile